Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 754 | **DATE** | 5/5/2000 |
| **CASE TITLE** | In Re: IN RE: CHINOSORN | 99 B 3025 | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Pursuant to Memorandum Opinion and Order entered this day, the bankruptcy court's decision is reversed. This case is remanded to the bankruptcy court for further proceedings consistent with this opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 8 2000 date docketed | 7 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 5/5/2000 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| JS | courtroom deputy's initials | Date/time received in central Clerk's Office | JS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| VORAVIT CHINOSORN, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | No. 00 CV 754 |
| VORAVIT CHINOSORN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| FLEET BUSINESS CREDIT CORP., | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Appellant Voravit Chinosorn ("Chinosorn"), the debtor in an adversary proceeding in his Chapter 7 bankruptcy case, filed a voluntary petition for relief on February 1, 1999. On May 25, 1999, Chinosorn filed a motion to vacate and invalidate a judicial lien filed on behalf of the appellee Fleet Business Credit Corporation ("Fleet"). In a Memorandum Opinion and Order dated January 19, 2000, the bankruptcy court denied Chinosorn's motion to vacate and invalidate the judicial lien. Chinosorn appeals that decision of the bankruptcy court. For the following reasons, the decision of the bankruptcy court is REVERSED and the case is remanded to the bankruptcy court.

1

## BACKGROUND

In May of 1998, appellee Fleet[1] obtained a $216,215.57 judgment plus costs against appellant Chinosorn. On July 8, 1998, the judgment was recorded with the Recorder of Deeds of Cook County, Illinois, under Document No. 98587153. On February 1, 1999, Chinosorn filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Chinosorn claimed two property exemptions under 11 U.S.C. § 522(b)(2), specifically the one claimed exemption at issue in this appeal. Chinosorn claimed that his marital homestead, worth approximately $200,000.00, was exempt from the bankruptcy estate under 765 ILCS § 1005/1c.

On May 25, 1999, Chinosorn filed a motion to vacate and invalidate Fleet's judicial lien on the claimed exempt property. Chinosorn claimed that Fleet failed to timely object to the claimed exemption in the property and was thereby barred from filing any objections to the exemption pursuant to Bankruptcy Rule 4003(a) and 11 U.S.C. § 522(l). Fleet objected to such avoidance, arguing that Chinosorn was not substantively entitled to avoid the judicial lien in the first place. The bankruptcy judge agreed and denied Chinosorn's motion, finding that in order to avoid a lien under § 522(f)(1)(A), Chinosorn must have substantive entitlement to the claimed exemption. Thus, under 11 U.S.C. § 522(f)(1)(A), Chinosorn could not avoid the judicial lien, regardless of the fact that Fleet failed to timely object. In essence, the bankruptcy judge found that the exemption by default provision set forth in § 522(l) does not apply to lien avoidance motions.

## STANDARD OF REVIEW

On an appeal from the bankruptcy court, the district court "may affirm, modify, or reverse

---

[1] The judgment was actually entered in favor of Sanwa Business Credit Corporation ("Sanwa"). Appellee Fleet is the successor to Sanwa.

a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013; see In re Tolona Pizza Products Corp., 3 F.3d 1029, 1033 (7th Cir. 1993). In reviewing the decision of a bankruptcy court, this court is constrained to accept the bankruptcy court's findings of fact unless clearly erroneous. Matter of Salzer, 52 F.3d 708, 711 (7th Cir. 1995); Matter of Excalibur Auto. Corp., 859 F.2d 454, 457 n.3 (7th Cir. 1988). Deference to the bankruptcy court's ruling must be afforded. Matter of Mount Calvary Baptist Church, 70 F.3d 51, 53 (7th Cir. 1995). Here, the parties do not dispute the facts; instead, they only disagree over the application of the law to those undisputed facts. Therefore, questions of law are subject to de novo review. In re Thirtyacre, 36 F.3d 697, 700 (7th Cir. 1994).

## ANALYSIS

The primary issue before the court is whether the bankruptcy court erred by denying appellant Chinosorn's motion to avoid appellee Fleet's judicial lien. Chinosorn contends that the court erroneously denied the motion because a court need not address whether the judicial lien is subject to lien avoidance under § 522(f) of the Bankruptcy Code. Rather, Chinosorn argues that the claimed exemption of his tenancy by the entirety interest was exempt, pursuant to § 522(b) and (l) of the Bankruptcy Code, along with Federal Rule of Bankruptcy Procedure 4003(a), because Fleet failed to timely object to claimed exemption. Fleet contends that the denial of the motion was proper because the bankruptcy court correctly concluded that, in order to avoid a lien under § 522(f)(1)(A) of the Bankruptcy Code, a debtor must have substantive entitlement to the claimed exemption. Thus, in Chinosron's case, regardless of the fact Fleet did not timely object, Chinosorn was not substantively entitled to the claimed exemption in the first place.

When a debtor files for bankruptcy, all property of the debtor becomes property of the

3

bankruptcy estate. 11 U.S.C. § 541; see also Matter of Salzer, 52 F.3d at 711; In re Kazi, 985 F.2d 318, 320 (7th Cir. 1993). A debtor may, however, avoid certain property from being part of the bankruptcy estate by filing claimed exemptions. 11 U.S.C. § 522(l); Matter of Salzer, 52 F.3d at 711. A creditor can then file objections to the debtor's claimed exemptions within 30 days after the conclusion of the first meeting of creditors unless, within the 30 days, the creditor obtains an extension of time to file. Fed. R. Bankr. P. 4003(b); 11 U.S.C. § 522(l); In re Salzer, 52 F.3d at 711. In fact, the Bankruptcy Code specifically states that, unless an objection is filed, the property listed on the debtor's claim of exemptions is exempt. 11 U.S.C. § 522(l). Thus, if a creditor fails to object or obtain an extension within the 30 days, the creditor may not challenge the validity of the exemption at a later time even if the debtor did not have a colorable basis for claiming the exemption. See Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S.Ct. 1644 (1992). Here, Fleet did not make a timely objection to Chinosorn's claimed exemption in the homestead held by tenancy by the entirety. Therefore, Chinosorn's homestead appears to be exempt, and Fleet should not be able object to the claimed exemption by defending the lien avoidance motion.

Nevertheless, even if a debtor is entitled to exempt property by default under § 522(l) of the Bankruptcy Code, there is a split among the bankruptcy court judges in this district, as well as throughout the nation, whether a debtor should be automatically entitled to avoid a lien on claimed exempt property under federal law because of the creditor or trustee's default. Some courts, such as the bankruptcy court in this case, have held that the entitlement to an exemption and entitlement to avoid the lien on the claimed exempt property are separate questions. See In re Chinosorn, 243 B.R. 688, 698-99 (Bankr. N.D. Ill. 2000) (citing cases therein); In re Felber, Nos. 98 C 4999, 98 C 5000, 1999 WL 350832, *4 (N.D. Ill. May 19, 1999); In re Mohring, 142 B.R. 389, 394 (Bankr. E.D.

Cal. 1992), aff'd mem., 153 B.R. 601 (9th Cir. BAP 1993), aff'd mem., 24 F.3d 247 (9th Cir. 1994); In re Morgan, 149 B.R. 147, 151-52 (9th Cir. BAP 1993); In re Streeper, 158 B.R. 783 (Bankr. N.D. Iowa 1993); In re Maylin, 155 B.R. 605 (Bankr. Me.1993). Other courts have held, however, that requiring a debtor to be lawfully entitled to an exemption under 11 U.S.C. § 522(b) even in cases where no timely objections to exemptions are filed is at odds with Supreme Court precedent as well as Seventh Circuit rulings because those cases specifically held that, once the objection deadline for filing objections to claimed exemptions have pasted, the claimed exemption is incontestable on any grounds. In re Mukhi, No. 99 B 21623, 2000 WL 354751, *5-7 (Bankr. N.D. Ill. Apr. 5, 2000); In re Rosenzweig, 245 B.R. 836, 839 (Bankr. N.D. Ill. 2000); In re Youngblood, 212 B.R. 593, 597-98 (Bankr. N.D. Ill. 1997); In re Andres, 212 B.R. 306, 309-10 (Bankr. N.D. Ill. 1997); In re Vasquez, 205 B.R. 136, 138 (Bankr. N.D. Ill. 1997); In re Allard, 196 B.R. 402, 407 (Bankr. N.D. Ill. 1996), aff'd sub nom., Great Southern Co. v. Allard, 202 B.R. 938, 941-42 (N.D. Ill. 1996). Therefore, this court must determine whether the failure to file timely objections to exemptions precludes the creditor from raising objections on the claimed exemption under § 522 of the Bankruptcy Code.

In 1992, under similar but not the entirely same factual circumstances, the United States Supreme Court addressed whether the failure to object within the 30 days allowed under Rule 4003(b) prevented a trustee or creditor from later contesting the validity of the exemption even if the debtor had no colorable basis for claiming the exemption. Taylor, 503 U.S. at 643. The Supreme Court held that such a failure to timely object within the 30 days allowed under Rule 4003(b) barred the trustee or creditor from challenging the validity of the exemption in the future. Id. at 643-44. In Taylor, the debtor had claimed as exempt the money she anticipated winning in a discrimination lawsuit. Id. at 641. In that case, the creditor did not file objections within the 30 days allowed. Id.

5

In holding that a creditor or trustee is exempt by default, the Supreme Court stated, "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." Id. at 644.

Shortly after the Supreme Court's decision in Taylor, the Seventh Circuit was confronted with the same issue of whether a creditor or trustee could be exempt by default under slightly different factual circumstances. In re Kazi, 985 F.2d 318, 320-21 (7th Cir. 1993). The Seventh Circuit unambiguously stated that, pursuant to the Supreme Court's ruling in Taylor, the "[f]ailure to file a timely objection is an absolute bar to consideration of the merit of the exemptions" and upheld the debtors' claimed exemption in unexemptible pension trust funds based upon the trustee's failure to timely object. Id. at 320. The Seventh Circuit further found that "[i]t would be inconsistent with Taylor's emphasis on finality to allow objecting parties to raise the issue . . . to claimed exemptions after the 30-day periods had run." Id. at 322. Thus, the Seventh Circuit stated that, regardless whether a claimed exemption has a basis in law, it cannot be challenged once the 30-day period to object under Bankruptcy Rule 4003(b) and § 522(l). Id. at 322.

More recently, in Matter of Salzer, the Seventh Circuit further re-enforced its holding in In re Kazi. Matter of Salzer, 52 F.3d at 711. The Seventh Circuit, however, clearly distinguished the issue of whether the debtor had a legal basis for the claimed exemption from the issue of valuing the validly claimed exemption. Id. at 711-12. Nevertheless, the Seventh Circuit stated that under the Supreme Court precedent in Taylor, "[f]ailure of a trustee or creditor to object within the thirty days provided by Bankruptcy Rule 4003(b) waives the right to contest the validity of an exemption. Id. at 711 (citing Taylor, 203 U.S. at 644).

This court is bound by United States Supreme Court and Seventh Circuit precedent. Yet, the question remains whether this precedent set forth above is distinguishable. As previously stated,

6

courts in this district as well as around the nation have held that Taylor and Seventh Circuit precedent does not apply to lien avoidance motions because an exemption under § 522(l) does not arise under § 522(b), and thus cannot support lien avoidance under § 522(f). See In re Chinosorn, 243 B.R. 688, 698-99 (Bankr. N.D. Ill. 2000) (citing cases therein); In re Felber, Nos. 98 C 4999, 98 C 5000, 1999 WL 350832, *4 (N.D. Ill. May 19, 1999); In re Mohring, 142 B.R. 389, 394 (Bankr. E.D. Cal. 1992), aff'd mem., 153 B.R. 601 (9th Cir. BAP 1993), aff'd mem., 24 F.3d 247 (9th Cir. 1994); In re Morgan, 149 B.R. 147, 151-52 (9th Cir. BAP 1993). Still, other courts have reached the same result, but have held that the above precedent, specifically the Supreme Court's decision in Taylor, is inapplicable to lien avoidance motions, claiming that § 522(l) and § 522(f) serve different functions. See In re Streeper, 158 B.R. 783 (Bankr. N.D. Iowa 1993); In re Maylin, 155 B.R. 605 (Bankr. Me.1993).

After a review of the statutory scheme and precedent of which this court is bound, the court finds that a failure to timely object to a claimed exemption prevents a trustee or creditor from later objecting to the validity of the exemption, even with respect to lien avoidance motions under § 522(f) of the Bankruptcy Code. The Bankruptcy Code specifically states that a debtor "shall file a list of property that the debtor claims as exempt under subsection (b) of this section." 11 U.S.C. § 522(l). That section further states that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." Id. Federal Rule of Bankruptcy Procedure 4003(b) then provides the specific time in which a trustee or creditor may file objections because § 522(l) does so state. Fed. R. Bankr. P. 4003(B).[2] And, the Seventh Circuit has unambiguously stated that "[f]ailure to

---

[2] Federal Rule of Bankruptcy Procedure 4003(b) states in its entirety:
The trustee or any creditor may file objections to the list of property claimed as exempt

7

file a timely objection is an absolute bar to consideration of the merit of the exemptions." In re Kazi, 985 F.2d at 320. This court agrees that, to hold otherwise, would be inconsistent with the Supreme Court's emphasis in Taylor on finality. See In re Kazi, 985 F.2d at 322; In re Mukhi, No. 99 B 21623, 2000 WL 354751, *5-7 (Bankr. N.D. Ill. Apr. 5, 2000); In re Rosenzweig, 245 B.R. 836, 839 (Bankr. N.D. Ill. 2000); In re Youngblood, 212 B.R. 593, 597-98 (Bankr. N.D. Ill. 1997); In re Andres, 212 B.R. 306, 309-10 (Bankr. N.D. Ill. 1997); In re Vasquez, 205 B.R. 136, 138 (Bankr. N.D. Ill. 1997); In re Allard, 196 B.R. 402, 407 (Bankr. N.D. Ill. 1996), aff'd sub nom., Great Southern Co. v. Allard, 202 B.R. 938, 941-42 (N.D. Ill. 1996). As noted by other courts, the debtor in Taylor did not have a right to exempt the entire portion of the money from the discrimination suit, yet the Supreme Court held that the full amount was exempt because the trustee failed to timely object. See In re Youngblood, 212 B.R. at 598 (citing Taylor, 503 U.S. at 642).

The same potentially holds true in this case. Yet, this court does not need to delve into whether Chinosorn has substantive entitlement to the claimed exemption. The failure by Fleet to timely object foreclosed it from contesting the validity of the claimed exemption. Therefore, the bankruptcy court should have granted Chinosorn's motion to avoid the lien on the basis that Fleet's failure to timely object to the claimed exemption prevented Fleet from later objecting to the validity of the exemption.

---

within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list, unless, within such period, further time is granted by the court.

## CONCLUSION

For the above stated reasons, the bankruptcy court's decision is REVERSED. This case is remanded to the bankruptcy court for further proceedings consistent with this opinion.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: May 5, 2000